UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RITA COTE, previously known as RITA
ENRIQUEZ-PERDOMO,

    Plaintiff,

v.                                                                               Case No. 5:11-cv-30-Oc-10TBS

GARY S. BORDERS, in his official capacity
as Lake County Sheriff,

    Defendant.
_____/

## ORDER

       Before the Court is the Defendant's Unopposed Motion for Permission to Release Documents and Memorandum of Law. (Doc. 13.) This case involves a claim by plaintiff that the Lake County Sheriff's Office held her in custody from February 16, 2009 to February 24, 2009 at which time she was released to the Immigration and Customs Enforcement Agency ("ICE"). Plaintiff alleges that the defendant violated her Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. Plaintiff also asserts Florida state law claims for negligence and false imprisonment. In his answer and affirmative defenses the defendant says he held plaintiff in custody legally pursuant to detainers issued by ICE on February 16, 2009 and February 18, 2009, as authorized by 8 C.F.R. § 287.7. These detainers are typically referred to as "ICE orders" or "ICE detainers" and "serve[ ] to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of

1

arresting and removing the alien." 8 C.F.R. § 287.7.  Plaintiff's complaint alleges that an ICE order was issued on February 18, 2009 but does not provide the Court a copy.  Plaintiff's complaint also states that plaintiff filed an Emergency Petition for Writ of Habeas Corpus in the Middle District of Florida and provides the case number (5:09-cv-91-Oc-10GRJ).  A review of that case by the defendant and the Court shows that plaintiff attached a copy of the February 18, 2009 ICE order to the affidavit of her attorney John Barry.  In his affidavit, Mr. Barry stated that he received a copy of the order from an ICE deportation agent in Orlando.

The defendant says he has in his possession both the February 16, 2009 and February 18, 2009 ICE orders and the National Crime Information Center ("NCIC") supporting documentation.  The defendant asserts that although this information may be considered confidential by ICE and the Florida Department of Law Enforcement, these documents are the "foundation of the Defendant's defense to the Plaintiff's claims" and therefore, in the interests of justice, defendant should be permitted to release them and file them with the Court.  Defendant states that plaintiff has no objection to releasing the documents.

> Title 8 of the Code of Federal Regulations, section 236.6 provides in part that:
>
> No person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of the Service (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee.  Such information shall be under the control of the Service and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders.  Insofar as any documents or other records contain such information, such documents shall not be public

> records. This section applies to all persons and information identified or described in it, regardless of when such persons obtained such information, and applies to all requests for public disclosure of such information, including requests that are the subject of proceedings pending as of April 17, 2002.

8 C.F.R. § 236.6.

Pursuant to this statute, only ICE can release the information contained in the ICE detainers and NCIC supporting documentation. The defendant contends that the documents should be released because they are the foundation of his defense to plaintiff's claims. The defendant also asserts that no prejudice will result to plaintiff from the release of the documents because plaintiff has already waived any confidentiality or personal privacy interests she may have had when she filed the February 18, 2009 ICE order in the habeas corpus case. In addition, defendant notes that plaintiff's May 23, 2011 requests for production include a request for the ICE detainers. The defendant objected to the production based on 8 C.F.R. § 236.6. Finally, the defendant argues that no federal or state law enforcement interests would be compromised by release of the documents because "[b]y releasing the February 18, 2009, ICE order to Mr. Barry as stated in his affidavit, ICE has clearly indicated a lack of governmental confidentiality concerns in [plaintiff's] case. Filing of the February 16, 2009, detainer, crucial to the Defendant's defense in the case at bar, would not implicate any additional confidentiality concerns." (Doc. 13 at 4.)

The Court is concerned that a release of the documents might still violate 8 C.F.R. § 236.6 and it is not comfortable entering an order that the documents be produced before ICE has received notice, is properly before the Court, and has an opportunity to be heard.

The plain language of the statute makes clear that only ICE can release this information. While few cases have dealt with this statute, cases in which such information was released typically involve situations where ICE itself released the information in response to a Petition for Writ of Habeas Corpus. See, e.g., Sierra v. Dept. of Homeland Security, 2008 U.S. Dist. LEXIS 113378 (N.D. Fla. Apr. 17, 2008); Edwards v. Gonzales, 2007 U.S. Dist. LEXIS 96645 (N.D. Fla. Oct. 2, 2007).

Therefore, the Court does not approve the release of the ICE orders and NCIC supporting documentation. The parties need to obtain the consent of ICE failing which, the defendant should decide procedurally how he wants to bring ICE into Court to litigate this issue. One possibility may be to serve a non-party subpoena for the documents on ICE. If the parties obtain the written consent of ICE to release this information then a Court order should not be necessary but if required, the Court will formally grant defendant's motion to release the documents.

Now, the Court CARRIES Defendant's Unopposed Motion for Permission to Release Documents (Doc. 13) pending the parties' attempts to obtain the written consent of ICE to release the documents. The parties shall have thirty (30) days to notify the Court of any consent or objections of ICE. If ICE objects then the parties should decide how they want to bring ICE and this dispute to Court or alternatively, either party can file a new motion to release the documents that explains how the documents can be released without ICE's consent and without ICE having been given notice and an opportunity to be heard.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida on December 1, 2011.

                                                                                    THOMAS B. SMITH
                                                                                    United States Magistrate Judge

Copies to all counsel.